Honorable Glenn H. Binger State Representative, District 41 Route 3, R.D. Mize Road Independence, Missouri 64050
Dear Representative Binger:
This letter is in response to your question asking:
 "Can a fire protection district created pursuant to Chapter 321 of R.S.Mo. in a class I county erect a fire station upon premises located outside of the corporate limits of the fire district to serve areas adjacent thereto located within the corporate limits of such fire district? Fire fighting equipment and personnel would be maintained at the fire station site adjacent but outside of the fire district."
You also state:
 "The Central Jackson County Fire Protection District was created pursuant to Chapter 321 and serves an area in Jackson County, including municipal limits of the City of Blue Springs and Lake Tapawingo. Some three to four years ago, by petition signed by residents of the area, additional area was annexed to the fire district located South of the City of Grain Valley, Missouri. This area annexed is primarily rural and is some distance from existing fire stations. The fire district Board of Directors proposes to erect a fire station to serve this rural area. However, due to road network and availability of utilities, the Board of Directors of the Fire District wish to locate their fire station within the corporate limits of the City of Grain Valley, which is not within the corporate limits of the fire district."
The powers and duties of a fire protection district of a first class county are set out in Section 321.600, RSMo 1969.
Such section provides in pertinent part:
 "For the purpose of providing fire protection to the property within the district, the district, and on its behalf the board, shall have the following powers, authority and privileges:
* * *
 (6) To acquire, construct, purchase, maintain, dispose of and encumber real and personal property, fire stations, fire protection and fire fighting apparatus and auxiliary equipment therefor, and any interest therein, including leases and easements;"
It is stated in McQuillin, 3rd Ed., Municipal Corporations
§ 28.05, that the rule supported by the weight of authority as well as by the better reasoning is that a municipal corporation, where not prohibited, may purchase real estate outside its corporate limits for legitimate municipal purposes especially under a broad statutory or charter provision conferring power to purchase and hold real estate sufficient for public use, convenience or necessities.
We know of no provision prohibiting such a fire protection district from locating a fire station outside of the territory which it serves. We believe that such a location would be proper if it is reasonably necessary to a proper exercise of the express powers of the fire protection district.
Very truly yours,
 JOHN ASHCROFT Attorney General